No. 19,902.

THE STATE OF KANSAS, *Appellee,* v. W. M. ROSE, *Appellant.*

### SYLLABUS BY THE COURT.

CRIMINAL LAW—*Impersonating a Sheriff—Not Punishable under Chapter 124 of the Laws of 1897.* A person charged with having attempted to exercise the functions of a sheriff without authority can not be prosecuted under section 3 of chapter 124 of the Laws of 1897, which declares it to be unlawful for a person without authority to attempt to exercise the functions of a deputy sheriff.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed July 19, 1915. Reversed.

*L. W. Keplinger,* and *C. W. Trickett,* both of Kansas City, for the appellant.

*S. M. Brewster,* attorney-general, and *James M. Meek,* county attorney, for the appellee.

The opinion of the court was delivered by

PORTER, J.: An information was filed against W. M. Rose, a constable of Olathe township, Johnson county, and John D. Woodworth, charging them with exercising and attempting to exercise without authority the functions of a sheriff or deputy sheriff. They were convicted and sentenced each to imprisonment in jail for a term of three months. Woodward was paroled. Rose appeals.

The facts briefly stated are, that on Thanksgiving day Ralph Daughaday and three companions went from their homes in Wyandotte county to Johnson county, and were hunting. They had hunting licenses and one of them had a written permit to hunt on the "Bloom" farm. The others became separated from him and were arrested by Rose and taken to Olathe before a justice of the peace charged with hunting unlawfully, and were fined. They were without money, and Daughaday gave the justice his check for $47.50, the amount

of the fines and costs, whereupon they were released. When the check reached the bank Daughaday was notified by telephone and very soon thereafter sent money to meet it, but through some oversight and without his knowledge the check was protested before his money was received. About a week later Rose and Woodworth came to the grocery store of Daughaday at Kansas City, Wyandotte county. He was busy with customers at the time and they waited. Afterwards appellant showed him the protested check and demanded payment. Upon his refusal to pay, Rose and Woodworth assaulted him, threw him to the floor, and threatened to put handcuffs on him. His father interfered and demanded to know the reason for the assault. Appellant said: "I am a sheriff and I have a state warrant for your arrest." Ralph Daughaday demanded he be shown the warrant. Rose exhibited a paper but said he did not have to show it, and would not allow it to be read. After some parley Daughaday agreed to give another check. The appellant then demanded $1.35 protest fees, and $10 which he said was the regular sheriff's mileage for himself and Woodworth. He threatened that unless the whole amount was paid he would take Daughaday to Johnson county. On receiving assurance from the bank by telephone that a check would be paid, the appellant accepted a check for $47.50, and $11.35 in cash to cover the other charges. Thereupon they released Daughaday and left the store.

It is to be regretted that the unlawful acts, of which the appellant's own admissions show he is guilty, must go unpunished so far as this proceeding is concerned. Unfortunately it was attempted to prosecute him under the provisions of chapter 124 of the Laws of 1897 (Gen. Stat. 1909, §§ 2880-2883) which can not by the most liberal interpretation, if that were proper in a criminal case, be said to apply in any sense to the facts. The information in general terms charges the appellant with exercising or attempting to exercise the functions of "a sheriff or deputy sheriff in Wyandotte County." The instructions adopted literally the language of the information: "sheriff or deputy sheriff," and the jury, following one of the prepared forms of verdict, found that the functions he attempted to exercise were those of "a sheriff or deputy sheriff." The information fairly interpreted, however, does charge that

he claimed to be acting as sheriff, because it sets forth his specific acts and language. Moreover, the evidence of the state showed without any question that he represented himself to be a sheriff. At no stage of the holdup did the appellant claim that he was a deputy sheriff, or were the words "deputy sheriff" used by any of those present in the store. In telephoning the bank about the check, he said he was a constable of Olathe, but this was after he had placed Daughaday under arrest and claimed to be a sheriff. The whole difficulty arises from the fact that the statute under which appellant was prosecuted does not cover the facts shown by the evidence of the state.

A simple reading of chapter 124 of the Session Laws of 1897 makes this clear. The title of the act and its provisions show that it was not intended to provide for a case where one without authority represents himself to be a sheriff. The title of the act reads:

"An act relative to the appointment of special deputies or policemen by sheriffs, mayors and other persons authorized by the law to make such appointments, and providing penalties for violation thereof."

The act declares it shall be unlawful for a sheriff, mayor, or any private persons who are authorized to appoint special deputies, marshals or policemen, to appoint a person who is not a resident of this state. Section 3, under which the appellant was prosecuted, reads:

"That any person or persons who shall in this state, without the authority, exercise or attempt to exercise the functions of or hold himself or. themselves out to any as a deputy sheriff, marshal, policeman, constable or peace officer, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be punished by imprisonment for a period of not less than three months nor more than one year."

The charge against appellant was that he exercised the functions of a sheriff. Leaving out of consideration, therefore, the fact that the verdict was in the alternative, the proceedings were brought under a statute which has no application to the facts as charged and established.

This decision is not placed upon any technical distinction between the functions of a sheriff and those of a deputy sheriff, but upon the clear and unmistakable provisions of the statute. The only thing which the statute in question prohibits a sheriff from doing is to appoint as a special deputy one who is not a

resident of the state.   Section 3 is levelled solely at persons unlawfully attempting to act as a deputy sheriff, marshal, policeman, etc.

The judgment must be reversed with directions to dismiss the action.